# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

BOU-MATIC, LLC,
MADISON ONE HOLDINGS, LLC,
KOTTS CAPITAL HOLDINGS LIMITED PARTNERSHIP,
and JOHN P. KOTTS,

        Plaintiffs,

v.

MICHAEL A. MILLS,

        Defendant.

Case No. 19-cv-158

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

### INTRODUCTION

On June 11, 2019, Plaintiffs filed a Motion to Enlarge Time to Respond to Defendant's Motion to Dismiss Plaintiffs' Amended Complaint and Conduct Jurisdictional Discovery. (Dkt. 23, "Motion to Conduct Jurisdictional Discovery.") Defendant Michael A. Mills ("Mills") did not object to that motion. On July 1, 2019, the Court granted Plaintiffs' unopposed Motion to Conduct Jurisdictional Discovery. (Dkt. 27, Text Order.) The Court ordered that Plaintiffs file a response to Mills' Motion to dismiss on August 7, 2019 following the completion of jurisdictional discovery. (*Id.*)

On June 7, 2019, Plaintiffs served jurisdictional and non-jurisdictional discovery requests on Mills. (Declaration of Justin H. Lessner, ¶¶ 2-4, Ex. A-C, Discovery Requests.) On July 9, 2019, Mills responded to the jurisdictional discovery requests. (Lessner Dec., ¶ 6, Ex. E, Discovery Responses.) Mills' responses are deficient in a number of aspects, as more fully set forth below.

Mills also takes the groundless position that he does not have to respond to any non-jurisdictional discovery while his Motion to Dismiss is pending. Mills' decision to ignore non-jurisdictional discovery is illustrative of this obstructionist position taken throughout this litigation. By way of example, the parties agreed to exchange Rule 26 initial disclosures on July 2, 2019. (Dkt. 16, Pretrial Conference Report, p. 3.) Plaintiffs served their Rule 26 initial disclosures on this date; Mills did not. (Lessner Dec., ¶¶ 14-15.) Plaintiffs' counsel, Michael Modl, followed up with Mills' counsel on July 5, 2019 and received no response. (Lessner Dec., ¶ 8, Ex. F, Lessner Letter.) Attorney Lessner again inquired about the overdue initial disclosures in his July 11 letter to Attorney Pines outlining the issues with Mills' discovery responses. (*Id.*) Mills finally provided his initial disclosures on July 15, 2019. (Lessner Dec., ¶ 9, Ex. G, Pines Letter and Initial Disclosures.)

The parties met and conferred by letter on July 11 and 15, 2019 and a telephone conference on July 16, 2019. (Lessner Dec., ¶¶ 8-10, Exs. F and G, Lessner and Pines Letters.) The parties were unable to reach a resolution to this discovery dispute. Furthermore, Mills' obstructionist behavior, as outlined above, has compromised Plaintiffs' ability to comply with the August 7, 2019 response deadline, as currently set forth in the briefing scheduling for the Motion to Dismiss.

Therefore, Plaintiffs respectfully request that this Court order Mills to (1) promptly provide supplemental discovery responses that fully respond to the matters addressed in Plaintiffs' first set of jurisdictional discovery; (2) provide responses to Plaintiffs' first set of non-jurisdictional discovery; (3) amend the briefing scheduling for Defendants' Motion to Dismiss as follows:

- Allow Plaintiffs to complete Mills' jurisdictional deposition within two weeks following receipt of complete discovery responses, as sought under this motion; and
- Allow Plaintiffs two weeks following the date of Mills' jurisdictional deposition to file a response to the Motion to Dismiss; and

(4) award Plaintiffs' cost and attorney's fees incurred in bringing this Motion.

# ARGUMENT

I.      **Standard of Review.**

A "party may move for an order compelling disclosure or discovery" pursuant to Rule 37(a)(1). Specifically, a "party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Rule 37(a)(3)(B). "This motion may be made if: … (iii) a party fails to answer an interrogatory submitted under Rule 33; or (iv) a party fails to produce documents … as requested under Rule 34." *Id*. For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Rule 37(a)(4). "If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 37(a)(5)(A).

II.     **Mills' Responses to Plaintiffs' First Set of Jurisdiction Discovery Are Deficient.**

Mills' responses to Plaintiffs' jurisdictional discovery requests are deficient in a number of respects. The primary issue throughout Mills' responses is that he refuses to provide any information or documents regarding his residency and citizenship prior to February 2, 2019, the date this lawsuit was filed. (Lessner Dec., ¶ 9, Ex. G, Pines Letter.) Mills' objection is baseless and premised on a misinterpretation of *Grupo Dataflux v. Atlas Global. Grp., L.P.* 541 U.S. 567 (2004). In *Grupo*, the Supreme Court was focused on whether the defendant's citizenship on the date of the filing of the lawsuit or the day of trial was proper. The Supreme Court did not analyze whether discovery on defendant's citizenship prior to the date of filing was relevant or could lead to the discovery of admissible evidence.

Courts have steadfastly rejected the same objection asserted by Mills. In *Perry v. Pogemiller,* the United States District Court for the Northern District of Illinois held as follows:

> Plaintiff's argument that he has no obligation to provide any information concerning his citizenship, other than that selected information that may be relevant only on the date of his filing an action, also rings a sour note for the reason that such a restriction would effectively cutoff any inquiry into plaintiff's intentions to indefinitely remain at a particular residence. We know that the key to determining "intention to remain" requires a close inspection of a person's course of conduct. In this regard, we have found no court which limited its inquiry into issues of diversity jurisdiction to the date of the filing of the action. Quite the contrary, the courts have regularly held that since "intent is crucial" to the determination of one's domicile, an approach which looks to the totality of the evidence is required.

146 F.R.D. 164, 167, (N.D. Ill. 1993).

In reviewing a party's course of conduct in determining his intention of domicile, courts frequently consider evidence pre-dating the filing of the lawsuit. *See Larchmont Holdings, LLC v. North Shore Holding, LLC,* 2017 WL 213843 (W.D. Wis. 2017) (reviewing evidence of defendants' ties to Wisconsin and Florida for many years prior to the date of filing suit in 2016); *Lundquist v. Precisions Valley Aviation*, 946 F.2d 8, 10 (1st Cir. 1991) (reviewing party's voting registration over a 14-year period); *Sheehan v. Gustafson*, 967 F.2d 1214, 1216 (8th Cir. 1992) (reviewing a party's driver's license, tax returns, and registration of his cars over an 18-year period); *Julien v. Sarkes Tarzian, Inc*., 352 F.2d 845, 846-47 (7th Cir. 1965) (viewing the claiming party's education, voting, and employment history over a 9-year period).

In light of the above precedent, Mills' contacts with Colorado and Wisconsin *prior to* February 2019 are clearly relevant to his intent to establish a domicile. Contrary to Attorney Pines' position in his July 15 correspondence, Mills' self-serving declaration stating, "he has been a citizen of Texas for his entire adult life" is not the definitive answer to the question of Mills' domicile in this case. (Lessner Dec., ¶ 9, Ex. G, Pines Letter.) Plaintiffs have already demonstrated that Bou-Matic is in possession of information that calls into question Mills' claim that he is not a

citizen of Colorado. (Lessner Dec., ¶ 5, Ex. D, Bou-Matic e-mails.) Furthermore, Rule 26 permits broad discovery. Against this backdrop, Plaintiffs' discovery requests can certainly lead to the discovery of admissible evidence. Under the rules and relevant case law, Mills should be required to provide complete responses to the jurisdictional discovery propounded upon him in this case. If Mills believed a limit to jurisdictional discovery was required based on when the lawsuit was filed, he should have requested this in a response to our Motion to Conduct Jurisdictional Discovery, but he did not respond to that motion at all.

Notably, during the parties' telephone conference on July 16, in a good faith effort to resolve this dispute, Attorney Modl offered to limit the period of the jurisdictional requests to the last five years as opposed to going back to 2010, as is set forth in the requests. (Lessner Dec., ¶ 12.) Attorney Pines did not agree to this proposal or offer any indication as to what he would consider to be a reasonable period of time. (Lessner Dec., ¶¶ 12-13.)

Plaintiffs respectfully request that this Court compel Mills to provide responses to the jurisdictional discovery requests that include information and documents that pre-date the filing of this lawsuit for the period of time specified in the requests. Alternatively, Plaintiffs request that this Court compel Mills to similarly provide responses for a period of five years prior to the filing of this lawsuit.

In addition, many of Mills' responses to Plaintiffs' requests to produce fail to include any information or documents relating to Colorado. For example, Document Request No. 7 asks for copies of all firearm registrations/licenses from 2010 to present. Mills' responded by producing a copy of his Texas gun license. However, there is no information or documents provided as to whether Mills possessed a Colorado gun license. Many of Mills' responses to other requests are similarly non-responsive and should be updated to include Colorado information and/or

5

documents. Notably, Rule 34(b)(2)(C) provides that an objection to a document request must state whether any responsive materials are being withheld on the basis of the objection. Mills' made several "general objections" at the beginning of his responses but did not state whether any responsive materials had been withheld on the basis of those objections.

Mills also refused to provide responses to Plaintiffs' discovery requests regarding the residency of his wife, Cynthia Mills, based on the objection that such requests are irrelevant. (*See* Interrogatories Nos. 13 and 15). Again, Mills is mistaken. Courts have also established domicile as the presence of the individual's wife and children in a home to be built as their primary residence. *Kenosha Unified Sch. Dist. v. Stifel Nicolaus & Co.*, 607 F.Supp.2d 967, 975 (E.D. Wis. 2009). Courts appear to focus on where an individual has made a "conscious effort to create home base and a life" as opposed to the state where they showed "a business relationship within the state." *Strabala v. Zhang,* 318 F.R.D. 81 (N.D. Ill. 2016) (citing *DTC Telecom, LLC v. ISP Technologies, Inc.,* 2002 WL 31553932, 3 (N.D. Tex. 2002)).

Interrogatory No. 12 requested the dates and duration of all time Mills spent at the Colorado property since 2012. In response, Mills simply stated that he visited the Colorado property at all times he was not in Houston or traveling in Europe or the United States. This is non-responsive. Plaintiffs do not have the details of how Mills spent his personal time between Houston, Colorado, or other places. This information is solely in the possession of Mills and is relevant to jurisdictional defenses asserted by Mills, as it relates to Mills' efforts to "create home base and a life." *Id*.

Next, Interrogatory No. 16 asked for the identification of any verbal or written agreement with Mills' son for the property located at 8564 Forum Drive. Mills responded by simply stating there was an oral lease for the property. This is evasive and non-responsive. Rule 37(a)(4). A

proper response should include the date of the oral agreement, the parties, consideration, rental amounts (if any), length of the rental agreement, and other important terms of the agreement.

Similarly, Interrogatory No. 18 asked for details of Mills' trips to Wisconsin from 2010 to the present but Mills provided a non-responsive and evasive answer. Rule 37(a)(4). Mills has personal knowledge of all of his trips to Wisconsin whether on business or not. Plaintiffs are entitled to a full and complete response to Interrogatory No. 18. Mills has raised personal jurisdiction as a defense in his Motion to Dismiss. Therefore, Plaintiffs are entitled to jurisdictional discovery on his contacts with Wisconsin in order to properly respond to the Motion to Dismiss.

Finally, Mills objected to Interrogatories Numbers 17, 19, and 20 on the grounds that the requested information is in the possession of Bou-Matic. That is incorrect. Mills deleted and removed all contents of his Bou-Matic issued computer and cell phone. There is no data to confirm exactly when Mills visited Wisconsin or had phone calls with Wisconsin residents. Further, Plaintiffs have no access to the Mills Mediation email account and cannot determine the frequency of Mills' contact with Wisconsin or Colorado through this account. Lastly, Plaintiffs do not know what accounts Mills used to place Skype calls to Wisconsin residents and what devices were used to place those calls. There is no way to recreate all of the Skype calls made by Mills, all of which would have been available had Mills not improperly deleted this information from his Bou-Matic issued devices. Further, there is no centralized reporting for all Skype calls placed by or to Bou-Matic employees. (Lessner Dec., ¶ 16.) Accordingly, Plaintiffs are entitled to full and complete responses to the above interrogatories.

In considering this motion, as this Court is aware, parties are permitted to obtain discovery "regarding any matter, not privileged, which is relevant to the subject matter involving in the pending action." Fed. R. Civ. P. 26(b)(1). "The court should and ordinarily does interpret 'relevant'

very broadly to mean a matter that is relevant to anything that is or may become an issue in the litigation." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, n.12 (1978). Rule 26 permits broad discovery and Plaintiffs' jurisdictional discovery requests can certainly lead to the discovery of admissible evidence. Plaintiffs respectfully request that this Court order Mills to provide supplemental responses that fully respond to Plaintiffs' jurisdictional discovery requests.

**III.     Mills' Refusal to Respond to Plaintiffs' Non-Jurisdictional Discovery is Without Merit.**

Plaintiffs also served Mills with non-jurisdictional interrogatories and requests to produce on July 7, 2019. Mills' responses to those requests are overdue. Mills has taken the position that he will not respond to any non-jurisdictional discovery until this Court decides the pending Motion to Dismiss. This position is without merit.

Furthermore, Mills failed to assert this apparent objection to the non-jurisdictional discovery within the timeframe allowed under Rules 33 and 34. Rules 33 and 34 provide that a party must respond to interrogatories and document requests in writing within 30 days after being served. Further, the responding party must state with specificity the grounds for objecting to the request or interrogatory. Mills did not provide a written response to the non-jurisdictional discovery, and therefore, any objections raised at this juncture should be deemed waived. Rule 33(b)(4). Additionally, Mills did not seek a protective order in response to this discovery.

Mills does not point to any Federal Rule of Civil Procedure or a Court Order that supports his position that he does not have to respond to any non-jurisdictional discovery requests while his Motion to Dismiss is pending. This Court did not provide for any stay of discovery in its Preliminary Pretrial Conference Order. (Dkt. 21, Pretrial Order.) This Court's Text Order granting the *unopposed* Motion to Conduct Jurisdictional Discovery did not otherwise stay all discovery in this case pending the resolution of the Motion to Dismiss. (Dkt. 27, Text Order.)

8

In sum, Mills takes the cavalier position that he should not be bothered with responding to discovery. Mills takes this meritless position without reference to any supportive legal authority. Mills' defiance is disrespectful to the parties, this Court, and the judicial system. For the reasons outlined above, this Court should order Mills to provide responses to the outstanding non-jurisdictional discovery requests within the confines of the Federal Rules of Civil Procedure.

**IV.     Plaintiffs are Entitled to Costs and Attorney's Fees Incurred in Bringing this Motion.**

Rule 37(a)(5)(B) provides for cost shifting because, as this Court phrased it, "the 'great operative principle' of Rule 37(a): [is] 'the loser pays.'" *Allen-Noll v. Madison Area Tech. Coll.*, 2019 WL 2929331, at *4 (W.D. Wis. July 8, 2019) (citing *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 786 (7th Cir. 1994)). A loser may avoid payment by establishing that his position was substantially justified or that other circumstances make an award of expenses unjust. *Rickels*, 33 F.3d at 787. Mills' was not substantially justified in his nondisclosures and awarding Plaintiffs their attorney's fees incurred in bringing this Motion would not otherwise be unjust.

Mills essentially takes the position that the parties and this Court should take him at his word as set forth in his Declaration. (Dkt. 19, Mills Dec., ¶ 2.) Yet, this Court specifically ordered that jurisdictional discovery was allowed to proceed. (Dkt. 27, Text Order.) If Mills Declaration was the final word with regard to his domicile, then jurisdictional discovery would have been unnecessary and this Court would not have allowed it to proceed. Simply put, many of the positions taken in Attorney Pines' July 15, 2019 correspondence regarding the scope of jurisdictional discovery should have been raised when Plaintiffs filed their Motion to Conduct Jurisdictional Discovery. Instead, Mills ignored this motion and did not oppose it. (See Dkt 27, Text Order granting *unopposed* Motion to Conduct Jurisdictional Discovery.) Mills objections to the jurisdictional discovery at this stage of the case are untimely and unjustified.

Furthermore, Attorney Modl offered to limit the time period associated with the interrogatories and document requests from 9 years to 5 years during the parties' July 16 "meet and confer" telephone conference. (Lessner Dec., ¶ 12.) Attorney Pines did not agree to this good faith offer or suggest any other time frame which he would deem to be reasonable. (*Id.*) Again, Mills' all or nothing approach is unreasonable and unjustified.

Finally, Plaintiffs are conducting this jurisdictional discovery under significant time constraints. As it stands, the Plaintiffs are to respond to the pending Motion to Dismiss by August 7. Plaintiffs do not have the luxury of going several rounds with Mills' counsel in an attempt to reach a resolution on these issues. Plaintiffs made their best effort to meet and confer and resolve these issues without involving this Court. However, given the pending deadlines in this case, Plaintiffs were forced to bring this motion in order to conduct the discovery that is necessary in order to properly respond to Mills' Motion to Dismiss.

## CONCLUSION

Plaintiffs respectfully request that this Court enter an order compelling Mills to fully and appropriately supplement his responses to Plaintiffs' jurisdictional discovery requests and to fully and appropriately respond to Plaintiffs' non-jurisdictional discovery requests. Plaintiffs also request that this Court enter an order enlarging the time for Plaintiff to respond to Mills' Motion to Dismiss to allow Plaintiffs two weeks following receipt of Mills' supplemental discovery responses to complete Mills' deposition and another two weeks following the date of the deposition to respond to the Motion to Dismiss. Finally, Plaintiffs seek their costs and attorney's fees associated with bringing this Motion to Compel Discovery.

Dated this 18th day of July, 2019.

AXLEY BRYNELSON, LLP

*s/ Jennifer M. Luther*
Michael J. Modl, State Bar No. 1011419
Michael S. Anderson, State Bar No. 1010015
Justin H. Lessner, State Bar No. 1064634
Troy D. Thompson, State Bar No. 1026135
Jennifer M. Luther, State Bar No. 1065234
2 East Mifflin Street, Suite 200
Madison, WI 53703
Tel: 608-257-5661; F: 608-257-5444
E-mail: manderson@axley.com;
mmodl@axley.com
tthompson@axley.com;
jlessner@axley.com
jluther@axley.com