UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

BOU-MATIC, LLC,
MADISON ONE HOLDINGS, LLC,
KOTTS CAPITAL HOLDINGS,
LIMITED PARTNERSHIP,
and JOHN P. KOTTS,

    Plaintiffs,

v.

    Case No. 19-CV-158

MICHAEL A. MILLS,

    Defendant.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT

YOU ARE HEREBY REQUIRED to answer and serve upon Axley Brynelson, LLP, attorneys for Plaintiffs, pursuant to Federal Rule of Civil Procedure 33, answers to the Interrogatories herein below set forth separately and fully, in writing and under oath within thirty (30) days of time service is made upon you.

### INSTRUCTIONS

1. Answer each Interrogatory separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection must be stated in lieu of an answer.

2. An evasive or incomplete answer is deemed a failure to answer under Federal Rule of Civil Procedure 33.

3. You are under a continuing duty to reasonably supplement your response with respect to any question directly addressed to the identity and location of persons having knowledge of discoverable matters, and the identity of each person expected to be called upon as an expert



EXHIBIT 3

witness at trial and the subject matter on which he is expected to testify. Furthermore, you are under a similar duty to correct any incorrect response when you have later learned that it is incorrect.

4. For purposes of these Interrogatories, when you are asked to "identify" a person, identify the person's full name, age, telephone number, current residential and business addresses, together with the statement as to their relationship with you, if any, and if not presently related, a statement as to whether any such relationship ever existed and the inclusive dates thereof.

5. In answering these Interrogatories, you are required to furnish information that is available to you or subject to your reasonable inquiry, including information in possession of your attorneys, advisors, or other persons, firms, partnerships, corporations or associations directly or indirectly employed by or connected with you or anyone else otherwise subject to your control.

## DEFINITIONS

1. "You" or "Mills" means Michael A. Mills individually, M.A. Mills, P.C., the Mills Law Firm, Mills Mediation, their agents, independent contractors and all other persons acting on their behalf including, but not limited to, accountants, attorneys, investigators, employees or agents.

2. "Bou-Matic" means Bou-Matic, LLC.

3. "Kotts" means John Kotts.

4. "Kotts Capital" means Kotts Capital Holdings Limited Partnership.

5. "First Amended Complaint" means the First Amended Complaint filed by Plaintiffs in this Lawsuit.

6. "Declaration" means the Declaration signed by You and filed with the Court on May 1, 2019.

7. "Motion to Dismiss" means the Memorandum in Support of the Motion to Dismiss filed by You in this lawsuit on May 1, 2019.

8. "In your possession, custody, or control" means all documents which are in the possession, custody, or control of "You," including, but not limited to, independent contractors, accountants, medical providers, mental health providers, attorneys and their investigators, employees, or agents.

9. "The term "Electronic Data" shall include, but is not be limited to, all text files (including word processing documents), spread sheets, email files and information concerning email (including logs of email history and usage, header information and "deleted files"), internet history files and preferences, graphical image files (including ".JPG, " ".GIF," ".BMP," and "TIFF" files), all content from social media providers, databases, calendar and scheduling information, computer system activity logs, and all file fragments and backup files containing Electronic Data.

10. "Document" encompasses the broadest meaning possible under federal law and includes, without limitation, Electronic Data, the original and all copies, prior drafts and translations of information in any written, typed, printed, recorded or graphic form, however produced or reproduced, of any type or description, regardless of origin or location, including without limitation all correspondence, records, tables, charts, analyses, graphs, schedules, reports, memoranda, notes, lists, calendar and diary entries, letters (sent or received), telegrams, telexes, messages (including, but not limited to, reports of telephone conversations and conferences), studies, books, periodicals, magazines, booklets, circulars, bulletins, instructions, papers, files, minutes, other communications (including, but not limited to, inter- and intra-office communications), questionnaires, contracts, memoranda or agreements, assignments, licenses,

ledgers, books of account, orders, invoices, statements, bills, checks, vouchers, notebooks, receipts, acknowledgments, data processing cards, computer disc, computer tape, other computer generated matter, emails, microfiche, microfilm, photographs, motion pictures, video tapes, photographic negatives, phonograph records, tape recordings, wire recordings, voice mail recordings or messages, other mechanical records, transcripts or logs of any such recordings, all other data compilations from which information can be obtained, or translated if necessary, and any other tangible thing of a similar nature.

11. "All documents" means every document within the custody, possession or control of the party to whom any document request is addressed.

12. "Relating to" means consisting of, reflecting, referring to, regarding, concerning, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of this demand. A request for documents "relating to" a specified subject matter always shall include notes and memoranda (whenever prepared) relating to the subject matter of the request.

13. The term "person" means any natural person or any business, proprietorship, governmental agency, corporation, partnership, trust, joint venture, group, association, organization, legal or governmental entity or association, and all other entities.

14. The term "communication" shall be understood to broadly include all contacts and correspondence, whether written or oral, including but not limited to in person, mail, email, telephone, telegraph, facsimile transmission, or other method of telecommunication, and shall be construed so as to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

15. To "identify" or "state the identity of" a document means to state with respect thereto:

   a. The nature or type of the document (*e.g.*, letter, handwritten notes, etc.) and the number of pages comprising it;
   b. Its date, or if it bears no date, the date when it was prepared or received;
   c. The identity of its author, and each person who allegedly received or read it;
   d. The identity of all persons to whom the document was addressed or distributed;
   e. The last known physical location and address of the original and each duplicate copy, and the identity of its custodian or custodians;
   f. The general subject matter or content of the document with sufficient particularity to enable it to be identified;
   g. If the document was, but is no longer, in your possession or subject to your control, state what disposition was made of it, the date of such disposition, and the reasons for such disposition;
   h. Whether it will be voluntarily made available for inspection and copying; and
   i. Whether you claim the document is privileged or otherwise not subject to discovery, and if so, the basis for such claim of privilege or other grounds for exclusion and the reasons for such claim.

16. To "describe" or "identify" any facts or information means to state:

   a. All facts known to you or which you believe to be true, within the scope of the pertinent interrogatory;
   b. The identity of each person who may have knowledge of those facts; and
   c. The identity of all documents describing, reflecting, or otherwise relating to those facts.

## INTERROGATORIES

1. Identify all current or former customers of Bou-Matic you have communicated with since February 1, 2019 and state whether each communication was oral or in writing, the date of each communication, and describe in detail the content of each communication.

2. Identify all current or former dealers of Bou-Matic you have communicated with since February 1, 2019 and state whether each communication was oral or in writing, the date of each communication, and describe in detail the content of each communication.

5

3. Identify all current or former employees of Bou-Matic you have communicated with since February 1, 2019 and state whether each communication was oral or in writing, the date of each communication, and describe in detail the content of each communication.

4. Describe any agreement between you and any of the Plaintiffs to pay you a bonus in 2015, 2016, 2017 or 2018, including but not limited to whether such agreement was oral or in writing, the date such agreement was made, and any persons that have knowledge of the agreement.

5. Describe any formula or calculation used to arrive at any bonus you claim is due from any of Plaintiffs and identify any person that agreed to the use of such a formula or calculation.

6. Describe all legal services You provided to Kotts from 2010 to the present, including but not limited to the nature and date of such services, and identify all compensation received by You from any person or entity for such services.

7. Describe all legal services You provided to Kotts Capital from 2010 to the present, including but not limited to the nature and date of such services, and identify all compensation received by You from any person or entity for such services.

8. Describe all legal services You provided to Madison One from 2010 to the present, including but not limited to the nature and date of such services, and identify all compensation received by You from any person or entity for such services.

9. Describe all legal services You provided to Bou-Matic from 2010 to the present, including but not limited to the nature and date of such services, and identify all compensation received by You from any person or entity for such services.

10. Identify any payments received by You or Mills Racing from Airtech Vacuum, Inc. from 2015 to present, including but not limited to the amount, date, and purpose of each such payment.

11. Identify any goods, products or other items purchased from J. Roberts & Sons by You using a Bou-Matic issued credit card.

12. Identify all computer forensics consultant(s) hired by You to perform work on your Bou-Matic computer, computer tablet and/or cell phone or to transfer any files from any of these devices.

13. Describe all actions taken by You to delete or transfer Electronic Data from your Bou-Matic computer, computer tablet and/or cell phone from July 1, 2018 to the present and identify the date such action was taken.

Dated: June 7, 2019.

**AXLEY BRYNELSON, LLP**

/s *Justin H. Lessner*
Michael S. Anderson, State Bar No. 1010015
Michael J. Modl, State Bar No. 1011419
Justin H. Lessner, State Bar No. 1064634
Jennifer M. Luther, State Bar No. 1065234
2 East Mifflin Street, Suite 200
Post Office Box 1767
Madison, WI 53701-1767
T: 608-257-5661; F: 608-257-5444
E: manderson@axley.com
mmodl@axley.com
jlessner@axley.com
jluther@axley.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2019, a copy of the foregoing was served via e-mail and U.S. Mail on the following:

Attorney Lester A. Pines
Pines Bach, LLP
122 W. Washington Avenue, Suite 900
Madison, WI 53703
lpines@pinesbach.com

Attorney Steven J. Mitby
Ahmad Zavitsanos Anaipakos Alavi Mensing, P.C.
1221 McKinney, Suite 2500
Houston, TX 77010
smitby@azalaw.com

*Amy C. Angell*
Amy C. Angell, Legal Assistant
AXLEY BRYNELSON, LLP