THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BOU-MATIC, LLC, et al.,

    Plaintiffs,

v.                                                  Case No. 19-cv-158

MICHAEL A. MILLS,

    Defendant.

---

**DEFENDANT MICHAEL A. MILLS' BRIEF IN OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL**

---

## I.    Introduction

The Plaintiffs (hereinafter "Bou-Matic") filed their complaint in this matter on February 27, 2019. (Dkt. 1) Bou-Matic alleged that the Defendant Michael A. Mills (hereinafter "Mills") was a citizen of Colorado. (Dkt. 1, ¶¶ 11, 21) The complaint alleged no facts in support of that claim. In response, Mills filed a motion to dismiss (Dkt. 9) that was supported by a declaration made by Mills under penalty of perjury in which Mills stated:

> For my entire adult life, I have been, and continue to be, a resident of Houston. Texas. I am 76 years old. I am domiciled in Texas and am a citizen of Texas. My current address is 8564 Forum Drive, Houston, Texas 77055. Although I was born in Washington, D.C. and grew up in Miami Beach, Florida, I have continuously lived in Houston, Texas since 1965. I intend to continue being a Houston resident and Texas citizen in the future.

> In 2012, my wife and I purchased a vacation residence, which is located in the Broadmoor Resort Community in Colorado Springs, Colorado. We acquired this property for part-time use during the summer months.
>
> We never intended to move to Colorado or establish a permanent residence there. We have never used the Colorado vacation home as a permanent residence, have never claimed any tax benefit based on our home in Colorado.
>
> Reflecting this, I have never been a member of the Colorado bar, practiced law in Colorado, or had any kind of professional license, business, or office in Colorado. I have never had any employees in Colorado. My personal mobile and office phones have Houston numbers. I have never had a driver's license or vehicle registration in Colorado.
>
> We have tried to sell the Colorado vacation house, listing the house with a realtor in 2016 and 2017. In fact, the Colorado vacation house is currently listed for sale. Despite being listed for sale, the house has not sold because of market conditions in the Colorado Springs area.
>
> I have never been a Colorado resident or citizen for any purpose and intend to continue living in Houston, Texas.

(Dkt. 12, ¶¶ 2, 12-16)

Mills' declaration also outlined his connections to Texas and provided documents to support his statements. (Dkt. 12, ¶¶ 3-11, Dkt. 12-1 through 12-8)

Bou-Matic, however, ignored the facts sworn to by Mills in his declaration when it filed an amended complaint on May 22, 2019. (Dkt. 13) Instead, it again made the conclusory allegation that Mills was a citizen of Colorado. (Dkt. 13, ¶¶ 11, 22) The only evidence it has presented to support this allegation came on June 11, 2019, when, in support of its Motion to Enlarge Time and Conduct Jurisdictional Discovery (Dkt. 22), Bou-Matic provided several emails, contending that they "call[ed] into question Defendant's claim that he is not a citizen of Colorado." (Dkt. 24, Dkt. 24-3) In emails

sent in the summers of 2013 and 2016, Mills and his wife referenced their home in Colorado Springs, consistent with Mills declaration that he has a vacation home for use in the summer.[1]

Mills did not oppose Bou-Matic's motion to enlarge time and conduct jurisdictional discovery. However, subsequently, Bou-Matic served interrogatories and requests to produce that were harassing and oppressive. (Dkt. 33-1 through 33-4) Mills timely replied to the jurisdictional interrogatories and requests to produce and made appropriate objections, including objections stating that the interrogatories and requests to produce were harassing and burdensome. (Dkt. 33-5 and 33-6) That led to Bou-Matic's Motion to Compel Discovery (Dkt. 28), which is based on a complete and utter misunderstanding of the law that applies to the determination by a federal court of whether a plaintiff has proven that there is diversity of citizenship.[2]

## II. A party's "objective manifestations of intent" are central to analyzing a plaintiff's claim that there is diversity of citizenship.

This court explained in *Larchmont Holdings, LLC v. N. Shore Holdings, LLC* precisely how the facts are to be analyzed when a claim of diversity of citizenship is disputed:

> In determining the citizenship of individuals, courts generally look to where the parties are domiciled, that is, where they have their permanent, fixed homes to which they have the intention of returning whenever they are absent therefrom. 15 Coquillette *et al., Moore's Federal Practice*

---

[1] Messages in this exhibit from agents of Bou-Matic indicating that meetings could or would be held at Mills' Colorado Springs home during the winter are not inconsistent with this.
[2] Mills has sought an order protecting him from the Plaintiffs' non-jurisdictional discovery. (Dkt. 31) The arguments in that motion and supporting brief (Dkt. 32) are incorporated herein by reference as Mills' response to Plaintiffs' motion to compel answers and responses to that discovery.

> 3d § 102.34[1], 3d ed. 2014. **To determine domicile or where an individual intends to make his home, courts look for objective manifestations of intent, such as where the individual is employed and registered to vote; where he exercises civil and political rights; where he pays taxes and receives mail; the location of his bank accounts, personal property and any land he owns; and whether the individual belongs to any clubs or organizations in a particular state.**
>
> *More v. Callahan*, No. 12-CV-905-bbc, 2015 WL 137270, at *2 (W.D. Wis. Jan. 9, 2015); *O'Neal v. Atwal*, 425 F. Supp. 2d 944, 947 (W.D. Wis. 2006) (citing 15 Moore's Federal Practice at § 102.36[1] ). *See also Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008) (looking at party's voter registration, property ownership, and tax information to determine domicile); *Midwest Transit*, 79 Fed. Appx. at 208 (domicile has been assessed based on "current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of employment, driver's license and automobile registration, and tax payments"); *Perry v. Pogemiller*, 146 F.R.D. 164, 167 (N.D. Ill. 1993) ("Courts have also listed other facts as relevant [to the determination of a party's domicile], including ... the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.") (internal citation omitted), *aff'd*, 16 F.3d 138 (7th Cir. 1993). "The existence of one or more of these factors may weigh in favor of a finding of citizenship, but no single factor is conclusive." *Midwest Transit*, 79 Fed. Appx. at 208.

*Larchmont Holdings, LLC v. N. Shore Holdings, LLC,* No. 16-CV-575-SLC, 2017 WL 213843, at *5 (W.D. Wis. Jan. 18, 2017) (emphasis added).

The facts which this court will review are those reflecting "the state of things" as of the date the complaint was filed:

> It has long been the case that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan v. Torrance,* 9 Wheat. 537, 539, 6 L.Ed. 154 (1824). This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. **It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing**—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal. (Challenges to subject-matter jurisdiction can of course be raised

at any time prior to final judgment. See *Capron v. Van Noorden,* 2 Cranch 126, 2 L.Ed. 229 (1804).)

*Grupo Dataflux v. Atlas Global Group*, *L.P.*, 541 U.S. 567, 570-571 (2004) (emphasis added, footnote omitted).

*Grupo Dataflux* has not been overruled. It is the law that governs this issue in this case. Neither Mills nor his counsel misunderstand or fail to comprehend its holding. It is crystal clear.

Bou-Matic cites *Perry v. Pogemiller*, 146 F.R.D. 164, 167 (N.D. Ill. 1993) to support its claim that it is entitled to years of discovery regarding Mills' connections to and presence in Colorado. That case has no application here. In *Perry,* the plaintiff filed a lawsuit in the United States District Court for the Northern District of Illinois based on diversity of citizenship, claiming citizenship in the Commonwealth of Pennsylvania. Three years prior, as a citizen of Illinois, he had filed an identical suit against the defendants in Illinois state court. When re-filing the lawsuit in federal court, he provided a post office box in Illinois for his mailing address. *Id.* at 165. Unsurprisingly, this raised a question as to whether the plaintiff was truly domiciled in Pennsylvania, and thus whether diversity jurisdiction existed. The defendants sought discovery on the plaintiff's purported Pennsylvania citizenship. The plaintiff refused to answer any discovery and even refused to follow a local rule requiring him to provide a certified statement setting forth his residence on request. A motion to compel discovery followed. *Id.*

The *Perry* court recognized that when diversity jurisdiction is asserted and a party's claimed domicile is challenged, a two-part analysis applies: "one deals with the

person's presence within the purported state of domicile, and the other deals with his intention to remain there indefinitely." *Id.* at 167. That is, **the analysis is focused on the state of domicile claimed by the party challenged, not on that party's potential citizenship in any other state.**

Thus, while *Perry* might have some bearing here if Mills were declining to provide historical evidence as to his presence and intent to remain in his purported state of domicile, Texas, it has no bearing on Bou-Matic's discovery requests relating to Mills' contacts and presence in any other state, including Colorado. Bou-Matic already has extensive evidence demonstrating Mills' presence in Texas going back decades, and his intent to remain there indefinitely, in the form of Mills' declaration and exhibits, as well as his responses to the jurisdictional discovery. (Dkt. 12, ¶¶ 3-11, Dkt. 12-1 through 12-8, Dkt. 33-5, Dkt. 33-6)

### III. Mills' production of documents and responses to interrogatories are appropriate and responsive.

Despite the fact that only documents about Mills' domicile as of the date Bou-Matic filed its complaint, February 27, 2019, would be relevant to a determination of the jurisdictional question at hand, Bou-Matic sought 10 years of such documents. Mills specifically objected to such a broad, harassing and oppressive request stating:

> **Defendant objects to and will not produce documents "from 2010 to the present" on the grounds that the Plaintiffs are limited to conducting discovery on the following jurisdictional issues that were raised in Defendant's Motion to Dismiss Amended Complaint which were (1) Defendant's assertion that there is not complete diversity between the parties because the Plaintiffs are citizens of Texas and the Defendant is a citizen of Texas and not a citizen of Colorado as alleged by the Plaintiffs and diversity jurisdiction "depends upon the state of**

> **things *at the time of the action brought.*" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004)(emphasis added), which in this case was the date of the complaint: February 2, 2019; and (2) that all of the activities of the Defendant that the Plaintiffs allege in the amended complaint were done by Defendant in violation of the Computer Fraud & Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5), were not alleged by the Plaintiffs to have taken place in Wisconsin and, as such, they do not give rise to personal jurisdiction in Wisconsin over the Defendant on that claim.**

(Dkt. 33-6 at 5) (bold in original)

Mills also objected to Bou-Matic's interrogatories that asked for information going back to 2010 (and in one case 2012) with the following objection:

> The interrogatory is overbroad in scope and not reasonably calculated to lead to admissible evidence on the jurisdictional issues raised by Mills. Diversity jurisdiction "depends upon the state of things *at the time of the action brought." Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570, 124 S. Ct. 1920, 1924, 158 L. Ed. 2d 866 (2004)(emphasis added). Plaintiffs sought, and may only conduct, jurisdictional discovery for the purpose of exploring Mills' citizenship and his contacts with Wisconsin as to the CFAA claim. (Doc. 23 at 2, 4; Doc. 27.)

In each instance, Mills then answered the interrogatory with information that was current as of February 27, 2019. (Dkt. 33-5 at 6-16)

Bou-Matic not only received Mills' timely responses to its jurisdictional discovery requests but it also already possessed Mills' declaration that stated that he had for his entire adult life been a citizen of Texas. That declaration, made under penalty of perjury, directly addressed many of the *Larchmont* factors, including Mills' lack of any formal connection to Colorado other than having a vacation home there that is for sale. Despite this evidence, Bou-Matic asked Mills to gather up documents going

back nine years to verify his statements about Texas citizenship, where he has lived his entire adult life.

Despite the clarity of the law, found in *Grupo Dataflux* and *Larchmont Holdings*, in the meet-and -confer conference, Bou-Matic was only willing to limit its requests to five years, which did not solve the problem. To demand that Mills expend the effort to find and produce even five years of documents to prove that he has, in fact, lived where he has lived his entire adult life, serves no purpose other than to harass and burden Mills.

The objection to such requests was proper and should be sustained by the court. The same is true for Mills' objections asking for nine (or five) years of information in response to interrogatories.

IV. **Bou-Matic's claim that Mills is trying to obstruct its discovery is nonsense.**

Mills timely responded to Bou-Matic's jurisdictional written discovery requests. His responses provided Bou-Matic with all of the information that this court found relevant in *Larchmont Holdings*, supra. Mills' counsel made timely objections and timely engaged in meet and confer activities in writing and in person.

Bou-Matic contends that good faith objections to the scope of requests to produce and interrogatories is "obstructive." It is not: it is the zealous and competent representation of a client facing a plaintiff that has made overly broad, harassing and burdensome discovery requests and which refuses to acknowledge that a clear and direct 2004 decision of the United States Supreme Court and a detailed 2017 decision of

this court govern what is relevant and material to the court's determination of whether it has jurisdiction in the case.

Moreover, as to the jurisdictional requests to produce, Mills has produced responsive documents that he possesses. Mills is not required to seek out documents from third parties in order to respond to those requests. See *Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.*, 222 F.R.D. 594, 598 (E.D. Wis. 2004) ("A party need not produce documents or tangible things that are not in existence or within its control. . . ")

As to the jurisdictional interrogatories, Mills answered them as well, providing information current as of February 27, 2019, the date of the filing of the complaint. To require him to provide that information going back to 2010 is harassing and burdensome, particularly in light of Mills' declaration.

**V**. **Conclusion**

The court should deny Bou-Matic's motion to compel discovery.

Dated this 25th day of July 2019.

        Respectfully submitted,

        PINES BACH LLP

        */s/ Lester A. Pines*
        Lester A. Pines
        State Bar No. 1016543
        122 West Washington Avenue, Suite 900
        Madison, Wisconsin 53703
        Phone: (608) 251-0101
        Fax: (608) 251-2883
        lpines@pinesbach.com

AHMAD, ZAVITSANOS, ANAIPAKOS,
ALAVI & MENSING, P.C.

Steven J. Mitby
Texas Bar No. 24037123 (*admission pending*)
Adam Milasincic
Texas Bar No. 24079001 (*admitted pro hac vice*)
1221 McKinney Street, Suite 2500
Houston, Texas 77010
Phone: (713) 655-1101
Fax: (713) 655-0062
smitby@azalaw.com
amilasincic@azalaw.com

*Attorneys for Defendant Michael A. Mills*