**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

---

BOU-MATIC, LLC,
MADISON ONE HOLDINGS, LLC,
KOTTS CAPITAL HOLDINGS LIMITED PARTNERSHIP,
and JOHN P. KOTTS,

      Plaintiffs,                                                            Case No. 19-cv-158

v.

MICHAEL A. MILLS,

      Defendant.

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

---

## Introduction

This Court should deny Defendant Michael A. Mills' ("Mills") belated Motion for a Protective Order. Mills motion comes *after* he failed to respond in any fashion to Plaintiffs' non-jurisdictional discovery requests. Mills does not point to any Federal Rule of Civil Procedure or a Court Order that supports his position that he does not have to respond to non-jurisdictional discovery requests while his Motion to Dismiss is pending. Mills did not propose limiting discovery under Section 6(d) of the Joint Report of Rule 26(f) Planning Meeting. (Dkt. 16, Joint Report of Rule 26(f) Meeting, p. 4.) Subsequently, this Court issued a standard Preliminary Pretrial Conference Order on June 6, 2019, that did not include a stay of discovery pending resolution of the Motion to Dismiss. (Dkt. 21, Prelim. Pretrial Conf. Order.)

1

The fact that this Court denied, as premature, Plaintiffs' request to exclude the jurisdictional discovery from the limits imposed under Rule 33 does not excuse Mills from failing to timely answer the non-jurisdictional discovery by the deadline set forth in the federal rules. This Court's Text Order granting the unopposed Motion to Conduct Jurisdictional Discovery did <u>not</u> provide a blanket stay of all discovery in this case pending the resolution of the Motion to Dismiss. (Dkt. 27, Text Order.) Discovery may proceed while motions to dismiss are pending and Mills has not established "good cause" for a discretionary stay of discovery in the case. At this point, the scheduling order is running and it would be prejudicial to Plaintiffs to postpone merits discovery indefinitely while the Motion to Dismiss is under advisement with the Court.

## Argument

**A.  Mills waived any objection to answering interrogatories in excess of the Rule 33 limit.**

Mills failed to assert this apparent objection to the non-jurisdictional discovery within the timeframe allowed under Rule 33. Rule 33 provides that a party must respond to interrogatories in writing within 30 days after being served. Further, the responding party must state with specificity the grounds for objecting to the interrogatory. Mills did not provide a written response to the non-jurisdictional discovery, and therefore, any objections raised at this juncture should be deemed waived. Fed. R. Civ. P. 33(b)(4).

**B.  Mills waived any objection or argument that the non-jurisdictional discovery is harassing.**

Similarly, Mills failed to assert this apparent objection to the non-jurisdictional discovery within the timeframe allowed under Rules 33 and 34. Both Rules 33 and 34 provide that a party must respond to interrogatories and document requests in writing within 30 days after being served. Further, the responding party must state with specificity the grounds for objecting to the request

or interrogatory. Mills did not provide a written response to the non-jurisdictional discovery, and therefore, any objections should be deemed waived. Fed. R. Civ. P. 33(b)(4) and 34(b)(2).

      **C.**      **Mills has not established "good cause" for a discretionary stay of discovery.**

As set forth above, Mills does not point to any Federal Rule of Civil Procedure or a Court Order that supports his position that he does not have to respond to non-jurisdictional discovery requests while his Motion to Dismiss is pending. There is no automatic stay of discovery in place because of Mills filing a Motion to Dismiss. Contrary to Mills' assertions, discovery may proceed while motions to dismiss are pending in federal litigation unless a discretionary stay has been imposed for good cause under Rule 26(c). The general rule that discovery may proceed while motions to dismiss are pending has been endorsed by the Seventh Circuit, which stated, "discovery need not cease during the pendency of a motion to dismiss." *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945, n. 11 (7th Cir. 1988).

Rather, as the cases cited by Mills demonstrate, the decision to stay discovery is simply within the district court's discretion *if* "good cause" exists. Fed. R. Civ. P. 26(c). Federal courts have broad power to control the sequence and timing of discovery. Fed. R. Civ. P. 26(c), (d); *Herbert v. Lando,* 441 U.S. 153, 177 (1979) ("judges should not hesitate to exercise appropriate control over the discovery process"). The thrust of Mills' Motion for a Protective Order is that the mere filing of his Motion to Dismiss warrants a stay of discovery in this case. However, the mere filing of a case-dispositive motion does not constitute "good cause." *Coyle v. Hornell Brewing Co.*, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009) (citing *Gerald Chamales Corp. v. Oki Data Americas, Inc*., 247 F.R.D. 453, 454 (D.N.J. 2007)). Notably, Mills' Motion to Dismiss was pending at the time of the Rule 16 scheduling conference, and yet, this Court did not find it appropriate to order a stay of discovery at that time.

Notwithstanding Mills' failure to serve timely objections to Plaintiffs' non-jurisdictional discovery, Mills' assertion that this discovery is "harassing" is without merit. Therefore, Mills fails to establish "good cause" for a discretionary stay of discovery on the merits in this case. At the outset, Plaintiffs served Mills with thirteen non-jurisdictional interrogatories and thirty-seven non-jurisdictional document requests. These numbers can hardly be said to be "harassing" in nature. Certainly, if serving this discovery were truly a "thinly-veiled" effort to harass Mills, Plaintiffs would have served more cumbersome discovery on Mills than thirteen interrogatories. Instead, if this Court reviews the non-jurisdictional discovery that Plaintiffs served on Mills, it will see that the requests are narrowly tailored and were crafted solely for the means of obtaining information that is necessary for Plaintiffs to obtain in prosecuting this case.

The case law relied upon by Mills is distinguishable and does not support a discretionary stay of merits discovery in this case. For example, in *Oppenheimer v. Sanders*, the court addressed a specific request for class members' names and addresses and analyzed the relevancy of this request to the issues in the case. 437 U.S. 340, 353 (1978). Mills does not discuss the relevancy (or his perceived lack of relevancy) with respect to any specific discovery request contained in Plaintiffs' non-jurisdictional discovery requests. Rather, Mills makes a blanket argument that Plaintiffs should not be entitled to <u>any</u> discovery while the Motion to Dismiss is pending. In other words, Mills has not provided this Court with any basis to determine that any of Plaintiffs' non-jurisdictional discovery requests are irrelevant and sought only for the purpose of harassment.

*United States v. Howard* is similarly nonsupportive of Mills' position. 360 F.2d 373 (3rd Cir. 1966). *Howard* dealt with a summons issued and served against a taxpayer by the IRS to produce books and records for inspection. The thrust of the decision dealt with the taxpayer's efforts to avoid the summons. The eight-page decision makes passing reference to interrogatories

4

that the taxpayer attempted to force the United States and an IRS agent to answer in the context of this dispute. *Id*. at 381. The lower court concluded that the interrogatories filed by the taxpayer were too broad and lacked utility except for harassing the United States and the appellate court affirmed. *Id*. However, the facts of *Howard*, an enforcement action between the United States and a taxpayer, are in no way analogous to this civil dispute between parties with a past business relationship.

### D. A stay of merits discovery will prejudice Plaintiffs.

At this point, a scheduling order is already in place. If Mills planned to seek a stay of merits discovery, he should have addressed that at the Rule 16 conference so that the stay could be taken into account in setting the scheduling order dates and deadlines. Contrary to Mills' assertion, Plaintiffs are not seeking a resolution of the merits of the case at this time. (Dkt. 32, Mills' Br. at p. 6 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998)). However, the parties' do have deadlines to name witnesses and file motions, and a trial date is scheduled. Mills seeks to suspend discovery in this case indefinitely while this Court takes his Motion to Dismiss under advisement. Yet, the timeline of this case will continue to run and the aforementioned deadlines will be looming. As the pleadings on file with the Court undoubtedly illustrate, this is a complex business dispute with a significant amount of discovery to be conducted before the parties will be in a position to disclose witnesses, file motions, and ultimately try this case.

Mills takes none of this into account in arguing that a stay of discovery will not prejudice the Plaintiffs. Rather, Mills repeatedly makes the bald assertion that he will prevail on his Motion to Dismiss. The Motion to Dismiss has not been fully briefed. A Motion to Compel Discovery and request to extend the briefing deadlines for the Motion to Dismiss is currently pending before this Court. The parties can reasonably expect weeks or months to pass before a decision is issued on

the Motion to Dismiss. Again, Mills should have requested a stay of merits discovery at the Rule 16 conference if he took the position that a stay was appropriate. He did not. This Court entered a scheduling order, without any stay of discovery, and the parties should abide by that order.

"The party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay ... will work damage to someone else.'" *Coyle*, 2009 WL 1652399, at *3 (citing *Landis v. North American Co.,* 299 U.S. 248, 254 (1936)). "Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id*. (citing *Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.,* 2002 WL 1971256, at *6 (E.D. Pa. Aug 22, 2002)).

Mills fails to address the potential for prejudice to the Plaintiffs if discovery is stayed pending the resolution of the Motion to Dismiss. Mills similarly fails to address the clear case management problems, as outlined above, that a stay would create. Instead, Mills simply cites a string of cases from sister circuits that do nothing more than underscore that the decision to stay discovery is within the discretion of the district court. Under the Federal Rules of Civil Procedure, discovery may proceed while motions to dismiss are pending and Mills has not established "good cause" for a discretionary stay of discovery in the case. Notably, Mills fails to cite any Seventh Circuit authority that supports his motion that merits discovery should be stayed pending resolution of the Motion to Dismiss. In fact, the Seventh Circuit has stated, "discovery need not cease during the pendency of a motion to dismiss." *SK Hand Tool Corp,* 852 F.2d at 945, n. 11. Simply put, Mills fails to make a clear case for a stay and has not established the requisite good cause.

## **CONCLUSION**

Based on the foregoing, this Court should deny Defendant's Motion for a Protective Order.

Dated this 2nd day of August, 2019.

          **AXLEY BRYNELSON, LLP**

          *s/ Jennifer M. Luther*
          Michael S. Anderson, State Bar No. 1010015
          Michael J. Modl, State Bar No. 1011419
          Justin H. Lessner, State Bar No. 1064634
          Troy D. Thompson, State Bar No. 1026135
          Jennifer M. Luther, State Bar No. 1065234
          2 East Mifflin Street, Suite 200
          Madison, WI 53703
          Tel: 608-257-5661; F: 608-257-5444
          E-mail:    manderson@axley.com
                        mmodl@axley.com
                        tthompson@axley.com
                        jlessner@axley.com
                        jluther@axley.com